UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

vs.                                               Case No.3:94-cr-169-J-12MCR

**JERRY LAYNE CANTY**

---

## ORDER

This cause is before the Court on Defendant's "First Amendment Petition Article 1 for Redress of Grievances ... for Constitutional Violations" (Doc. 208), filed October 3, 2011. Defendant seeks review of his sentence based on a claim of ineffective assistance of counsel relating to his mental condition.

The Court is of the opinion that Defendant's motion is in reality a collateral attack on his sentence pursuant to 28 U.S.C. § 2255. The Court is without jurisdiction to review Defendant's sentence pursuant to 28 U.S.C. § 2255(h), inasmuch as his motion is a successive motion[1] filed without first obtaining a certificate of appealability from the Eleventh Circuit Court of Appeals. Accordingly, it is

---

[1] This is Defendant's fourth § 2255 motion. See Docs. 169, 177, and 202. Two of his previous § 2255 motions raised issues regarding his mental condition, including ineffective assistance of counsel. Defendant also raised issues related to his mental condition on a motion pursuant to Fed.R.Cr.P. 60(b). See Doc. 190. The Eleventh Circuit Court of Appeals declined to issue certificates of appealability with regard to all the issues Defendant has presented in his three § 2255 motions and his 60(b) motion. See Docs. 174, 182, 200 and Case No. 97-cv-1197-J-12, Doc. 12.

**ORDERED AND ADJUDGED:**

1. That the Court construes Defendant's "First Amendment Petition Article 1 for Redress of Grievances ... for Constitutional Violations" (Doc. 208), as his fourth motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255, and the Clerk is directed to open it as a civil case; and

2. That Defendant's fourth § 2255 motion (Doc. 208) is dismissed without prejudice for failure to obtain certification for filing such motion from the Eleventh Circuit Court of Appeals, and the civil case is dismissed without prejudice; and

3. That the Clerk is directed to enter judgment, close the civil case, and terminate the criminal motion.

**DONE AND ORDERED** this ___19th___ day of October 2011.

                                                   *Howell W. Melton*
                                       **SENIOR UNITED STATES DISTRICT JUDGE**

Copies to:
    AUSA
    Defendant